ALMODÓVAR ET AL., PLAINTIFFS AND APPELLANTS, *v.* SANTA ISABEL SUGAR CO., DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action of Unlawful Detainer.

No. 2186.—Decided June 8, 1920.

LEASE—UNLAWFUL DETAINER—DEPOSIT OF RENT.—The defendant having shown that although the contract stated that the rent was to be paid at the residence of the lessor, that clause was tacitly modified by the parties to the effect that payment would be made at the residence of the lessee; and it having been shown also that the defendant did all in its power to pay the rent at the time and place agreed upon by the parties and, being unable to make payment, deposited the amount in the court at the disposal of the interested persons; and considering other circumstances of the case, which are stated in the opinion; *Held:* That the lower court did not err in dismissing the action of unlawful detainer.

The facts are stated in the opinion.

*Mr. L. Tormes* and *Miss H. Tormes* for the appellants.

*Messrs. Parra & Pérez Marchand* and *J. Tous Soto* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action of unlawful detainer to recover possession of a leased property on account of failure to pay the rent. The plaintiffs, who compose the succession of José Florencio Almodóvar, alleged that they were the owners of a certain farm property which their ancestor had leased to the defendant for the term of fifteen years, beginning in 1909, for an annual rent of $12 per acre, payable at the end of each quarter at the residence of the lessor. The plaintiffs also alleged that the rent for the quarter ending October 19, 1919, amounting to $324, had not been paid, for which reason they prayed the court for a judgment evicting the defendant from the property in question.

The defendant alleged in its answer that the clause of the contract relating to the place of payment was modified by a tacit agreement of the parties to the effect that payment should be made in the office of the defendant to José Florencio Almodóvar or his son-in-law, Ramón Rodríguez Negrón, and that such was the constant practice for many years; that Almodóvar died and the defendant was not informed of his death, nor of whether or not he left a will, nor of the names and residences of his heirs; that on October 19, which was a Saturday, Rodríguez Negrón, who is the *de facto* representative of the heirs, was in the office of the defendant and agreed to receive the rent, but left the office before the check could be delivered to him; that thereupon the defendant, on Monday, October 20, sent the check to the heirs by mail; that the heirs refused to receive it and the defendant deposited the amount in the district court at the disposal of Almodóvar's heirs.

The case went to trial and the court entered judgment dismissing the complaint. The plaintiffs appealed to this court.

We have examined carefully the pleadings and the evi-

dence and in our opinion the judgment appealed from should be affirmed.

Although it was stated in the contract that payment was to be made at the residence of the lessor, that clause could be modified by the express or tacit agreement of the parties. The proof of its modification in the manner alleged by the defendant is clear and sufficient. The conclusion reached by the district court seems to us to be entirely correct.

The evidence showed also that Rodríguez Negrón, Almodóvar's son-in-law, on several occasions received the rent for delivery to Almodóvar; that Almodóvar having died, the defendant paid to Rodríguez Negrón for the heirs of Almodóvar a certain bonus which it voluntarily used to give at the end of each crop in excess of the rent because of the high price of sugar, and that such action on the part of Rodríguez was consented to by the heirs; that the defendant also intended to pay to Rodríguez the quarterly rent on Saturday, October 18, 1919, but could not do so because he left the office when the check was going to be delivered to him; that the quarterly instalment became due on October 20 (the 19th was a Sunday) and the defendant, as was customary, was waiting for them to come to collect, but seeing that they did not come, it sent the check by mail on the afternoon of that same day, in an envelope addressed to the heirs; that they refused to receive the letter, and that thereupon the amount was deposited in the district court on October 24.

These facts being proved, it is impossible, especially in view of the jurisprudence laid down by the Circuit Court of Boston in the *Central Vannina Case,* 259 Fed. Rep. 198, to hold that the contract of lease should be considered as rescinded because the lessee has violated the clause thereof relative to the payment and, consequently, that the said lessee should be evicted from the leased property.

Considering the attendant circumstances, the defendant in this case did all that it could and should have done to

pay the stipulated rent in time, and in fact the plaintiffs showed by their acts that they desired to terminate the contract in the hope undoubtedly of making a new contract more beneficial to them.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.